```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X

PATRICIA WEATHERS, as parent and natural:
guardian of minor plaintiff, MICHAEL
M.,                                       :
                                                        02 Civ. 7622 (WCC)
                Plaintiff,        :

        - against -                       :     OPINION
                                                 AND ORDER
MILLBROOK CENTRAL SCHOOL DISTRICT,        :
ELAINE ZUCCI, Ph.D., LYNNE LIPTAY, M.D.,
JULIA SPEICHER, M.D., LINDA BEYER,        :
FRED MERZ and SMITHKLINE BEECHAM
CORPORATION d/b/a GlaxoSmithKline,        :
Inc.,
                                          :
                Defendants.
                                          :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

        SHERMAN SILVERSTEIN KOHL
          ROSE & PODOLSKY, P.A.
        **Attorneys for Plaintiff**
        4300 Haddonfield Road, Suite 311
        Pennsauken, New Jersey 08109

ALAN C. MILSTEIN, ESQ.
    Of Counsel

        FELDMAN, KLEIDMAN & COFFEY, L.L.P.
        **Attorneys for Defendant**
          **Lynne Liptay, M.D.**
        995 Main Street
        P.O. Box A
        Fishkill, New York 12524-0395

ELIZABETH L. MELANSON, ESQ.
    Of Counsel

        **Copies Mailed to Counsel of Record_____**

**A P P E A R A N C E S :**  **(continued)**

                                  BARRY, MCTIERNAN & MOORE
                                  **Attorneys for Defendant**
                                    **Julia Speicher, M.D.**
                                  Two Rector Street, 14th Floor
                                  New York, New York  10006

KATHERINE HARGAS, ESQ.

        Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Patricia Weathers, as parent and legal guardian of her minor son, plaintiff Michael M. ("Michael"), brought the instant action against defendants: (1) Millbrook Central School District ("Millbrook" or the "School District"); (2) Fred Merz, the principal of Millbrook Central Elementary School; (3) Linda Beyer, the former School District Director of Pupil Personnel Services; (4) Elaine Zucci, Ph.D., a former licensed school psychologist at Millbrook; (5) Lynne Liptay, M.D.; (6) Julia Speicher, M.D.;[1] and (7) SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"). The Amended Complaint alleges a host of claims arising out of Michael's prescribed ingestion of Ritalin and Paxil in order to control diagnosed attention deficit and social anxiety disorders. This Court originally exercised jurisdiction pursuant to 28 U.S.C. § 1331, as Millbrook, Merz and Beyer were accused of negligence, failure to procure informed consent and constitutional violations under 42 U.S.C. § 1983.

Either by stipulation or pursuant to this Court's April 19, 2006 Opinion and Order, all claims were dismissed except those against the doctor defendants, which sound in medical malpractice, and those against GSK, which sound in negligence for failure to warn, breach of warranty and products liability. The doctor defendants both now move to dismiss plaintiffs' claims against them for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). For the reasons that follow, their motions are granted.

## BACKGROUND

The relevant facts and procedural history are set forth in this Court's April 19, 2006 Opinion

---

[1] We collectively refer to Liptay and Speicher as the "doctor defendants."

1

and Order, reported at 428 F. Supp. 2d 180 (S.D.N.Y. 2006), familiarity with which is presumed. Following the issuance of that Opinion and Order, as well as the dismissal of all claims against Zucci pursuant to a stipulation dated June 30, 2004, the doctor defendants filed the instant motions. Resolution of the doctor defendants' motions is the only issue presently before the Court.

## DISCUSSION

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). Generally, federal courts are empowered to decide only those cases that: (1) arise under federal law, *see* 28 U.S.C. § 1331; or (2) involve disputes between "citizens of different States . . . [or] citizens of a State and citizens or subjects of a foreign state" and satisfy the $75,000 amount in controversy requirement. *See* 28 U.S.C. § 1332. It is equally well-established, however, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

During the pendency of plaintiff's § 1983 claims against the School District defendants, we also exercised jurisdiction over plaintiff's numerous state law claims. Although it is within our discretion to continue to exercise jurisdiction over those claims, *see* 28 U.S.C. § 1367(a), (c), we are mindful that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Volmar v. N. Shore Hosp.*, No. 06-1044-cv, 2007 U.S. App. LEXIS 3535, at *4 (2d Cir. Feb. 13,

2007) (internal quotation marks omitted). Accordingly, as we have dismissed the only federal claims with prejudice, *see Weathers*, 428 F. Supp. 2d at 186, we now decline to exercise supplemental jurisdiction over plaintiffs' remaining claims.

A "district [court] may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367. When evaluating how to exercise its discretion with respect to retaining jurisdiction over pendant state law claims, the court looks to "considerations of judicial economy, convenience and fairness to litigants." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Correspondent Servs. Corp. v. First Equities Corp.*, 338 F.3d 119, 126 (2d Cir. 2003) (same). In the present case, these factors weigh in favor of dismissal.

Although the present action was filed in 2002, the parties have conducted little discovery. Indeed, to date, only two depositions have taken place, and significant document discovery remains to be completed. (Hargas Aff'm ¶ 8; Pl. Mem. Opp. Doctor Defs. Mots. Dismiss at 2.) Additionally, plaintiffs' medical malpractice claims against the doctor defendants involve quintessential state law issues best resolved in a state forum. Although the same might also be said of plaintiffs' claims against GSK, which sound in negligent design and manufacture, products liability and failure to warn, those claims properly fall within this Court's diversity jurisdiction under 28 U.S.C. § 1332.[2]

Moreover, as the Second Circuit has stated:

The basis for retaining jurisdiction is weak when, as is the case here, the federal claims are dismissed before trial. The Court in *Gibbs* stated that "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a

---

[2] Plaintiffs are citizens of New York, and GSK is a Pennsylvania corporation with its principal place of business located in Philadelphia, Pennsylvania. The amount in controversy exceeds $75,000, exclusive of interest and costs.

>jurisdictional sense, the state claims should be dismissed as well." While later decisions indicate that dismissal of the state claims is not absolutely mandatory, *Rosado v. Wyman*, 397 U.S. 397, 403-05, 90 S. Ct. 1207, 1213-14, 25 L. Ed. 2d 442 (1970); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 [(1988)], when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, [484 U.S. at 350, n.7] . . . .

*Baylis v. Marriott Corp.*, 843 F.2d 658, 664-65 (2d Cir. 1988). Having dismissed those claims that formed the basis for our original jurisdiction, we decline to exercise supplemental jurisdiction over plaintiffs' medical malpractice claims against the doctor defendants. *See D'Angelo-Fenton v. Town of Carmel*, 470 F. Supp. 2d 387, 401 (S.D.N.Y. 2007) (Conner, J.) ("'Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.'" (quoting *Gibbs*, 383 U.S. at 726)).

Although the products liability and negligence claims against GSK remain before us, they involve distinct legal principles and are based upon different, and in some ways inconsistent, facts from the malpractice claims against the doctor defendants. Scant judicial resources would therefore be conserved by trying all of the claims together.

## CONCLUSION

For all of the foregoing reasons, the motions of defendants Lynne Liptay, M.D. and Julia Speicher, M.D. (the "doctor defendants") to dismiss all claims against them are granted. The claims are dismissed without prejudice and without costs or fees.

SO ORDERED.

Dated: White Plains, New York
April 30, 2007

_____
Sr. United States District Judge